# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

ISAIAH RICHARDSON, individually and on behalf of all others similarly situated,

Plaintiff,

v. Case No. 2:25-cv-02996-TLP-cgc

RXO LAST MILE, INC.; and RXO, INC.,

Defendants.

RECEIVED

NOV 05 2025

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

## JURY DEMANDED

## FIRST AMENDED COMPLAINT FOR UNPAID WAGES AND MISCLASSIFICATION UNDER THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 201 ET SEQ.) AND TENNESSEE LAW; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (HARASSMENT); DECLARATORY JUDGMENT REGARDING NON-APPLICABILITY OF ARBITRATION TO PLAINTIFF; AND RETALIATION FOR FILING EEOC CHARGE AND WORKERS' COMPENSATION CLAIM

Plaintiff Isaiah Richardson ("Plaintiff" or "Richardson"), individually and on behalf of all others similarly situated, by and through himself as a pro se litigant, files this First Amended Complaint against Defendants RXO Last Mile, Inc. and RXO, Inc. (collectively "RXO" or "Defendants"), and alleges as follows:

## INTRODUCTION

1. This is a class and collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and Tennessee state law, including Tenn. Code Ann. § 50-2-101 et seq., for unpaid wages, overtime violations, and misclassification of delivery drivers as independent contractors rather than employees.

2. Plaintiff also brings individual claims for intentional infliction of emotional distress (IIED) based on harassment, intimidation, and retaliatory conduct by RXO, including but not limited to wrongful termination following a work-related injury (truck fire) and the filing of an EEOC charge and workers' compensation claim.

3. Plaintiff seeks a declaratory judgment that any arbitration agreement is non-applicable due to RXO's misclassification and failure to treat Plaintiff as an independent contractor.

4. RXO's actions demonstrate a complete lack of good will toward its drivers, treating them as disposable labor while exerting employer-like control over their work, deducting wages arbitrarily, and retaliating against those who assert their rights. This pattern is evidenced by multiple prior lawsuits and settlements against RXO for similar misclassification issues, including a $2.9 million settlement in Massachusetts for drivers misclassified as independent contractors. RXO's history shows systemic exploitation, with no intent to fairly compensate or protect its workforce.

5. In its Notice of Removal and Civil Cover Sheet, RXO falsely indicated "Jury Demand: None" and limited the Nature of Suit to "710 Labor: Fair Standards," despite Plaintiff's original complaint demanding a jury trial and including additional claims under Tennessee law, IIED, and declaratory relief. This appears to be a deliberate attempt to deprive Plaintiff of his right to a jury trial and misrepresent the scope of the action.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Isaiah Richardson is a natural person residing at 4986 Pheasant Ridge Cv, Memphis, TN 38141. (Address Change)

7. Defendant RXO Last Mile, Inc. is a Georgia corporation conducting substantial business in Tennessee related to last-mile delivery services.

8. Defendant RXO, Inc. is a Delaware corporation affiliated with RXO Last Mile that transacts business in Tennessee.

9. This Court has jurisdiction over federal claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and supplemental jurisdiction over related Tennessee common-law claims. Tennessee state courts have concurrent jurisdiction over FLSA claims. The amount in controversy exceeds $250,000,000 exclusive of interest and costs.

10. Venue is proper in Shelby County because a substantial part of the events or omissions giving rise to the claims occurred in this county and Defendants transact business here.

## FACTUAL ALLEGATIONS

11. Plaintiff and RXO personnel discussed and set specific pay terms directly by text, including an offer of $500 for a route with separate coverage for a helper. (Exh. A)

12. Deductions were negotiated by message, including an agreement to repay over multiple settlements/weeks, and an add-back of a prior deduction on the next settlement after discussion. (Exh. A)

13. RXO personnel discussed and approved cash-flow advances to Plaintiff to be repaid over time (e.g., ten weeks) and referenced an associated percentage fee, with timing assurances about when funds would be available. (Exh. A)

14. Larger advances were requested and approved by RXO/finance with target dates for deposit, evidencing real-time negotiation and control over payment timing and terms. (Exh. A)

15. RXO personnel also made discrete work offers at set prices (e.g., specific dollar amounts for trash runs), which Plaintiff evaluated and accepted/declined in the ordinary course. (Exh. A)

16. In late July 2025, Plaintiff insisted on in-person negotiations regarding compensation and costs (including fuel/security) before running again; shortly thereafter the relationship was ended/blocked, as alleged. (Exh. A)

17. Some representatives claimed limits on authority (e.g., "can't take cash," "reply to email to deduct," or no control over certain reporting), but the parties nonetheless set rates, deduction schedules, and advances by direct exchange. (Exh. A)

18. RXO pressured Plaintiff and other drivers to violate Department of Transportation (DOT) Hours of Service (HOS) laws (49 CFR Part 395), which limit driving to 11 hours in a 14-hour on-duty window after 10 hours off-duty, require a 30-minute break after 8 hours driving, and cap weekly hours at 60/70 over 7/8 days. For example, RXO demanded immediate truck returns and route updates without allowing required rest, as shown in threats to report trucks as stolen if not returned "today" (Exh. A – 2/6/25: "Lowe's will report the truck as stolen").

19. This violation of HOS laws endangered safety and further demonstrates RXO's lack of good will, treating drivers as expendable and forcing them to risk fatigue-related accidents to meet RXO's demands.

20. RXO's pattern of HOS violations supports the collective/class claims, as it shows systemic disregard for federal safety regulations, misclassification, and exploitation of drivers.

21. RXO's actions, including the truck fire incident in July 2025 (Exh. A), EEOC filing, and workers' comp claim, led to retaliatory termination, with RXO citing pretextual reasons while ignoring similar issues with favored contractors.

22. RXO's Lease and Service Agreement for the Lowe's truck (Exh. B, dated 11/21/2024) was between RXO Last Mile, Inc. as LESSOR and Morgan Premier Industries Inc as LESSEE, with Plaintiff signing as Owner for LESSEE. Despite RXO's ownership/control, they threatened to report it stolen (Exh. A), violating lease terms (section 5: "not in violation of any laws or regulations") and showing harassment.

## COLLECTIVE AND CLASS ALLEGATIONS

23. FLSA Collective: All RXO delivery drivers misclassified as independent contractors from May 2022 to present. Common issues: misclassification, unpaid OT, deductions, HOS violations.

24. Rule 23 Class for TN Claims: Numerosity (100s of drivers), commonality (uniform policies), typicality (Plaintiff representative), adequacy (Plaintiff protects class). Superiority: Class action efficient.

## CAUSES OF ACTION

## COUNT I – FAIR LABOR STANDARDS ACT (29 U.S.C. § 201 et seq.) — UNPAID MINIMUM WAGES AND OVERTIME; MISCLASSIFICATION (Against All Defendants)

25. Plaintiff incorporates the foregoing paragraphs.

26. Defendants were Plaintiff's employers or joint employers under the FLSA. Plaintiff was an employee under the economic-realities test.

27. Defendants failed to pay Plaintiff at least the federal minimum wage for all hours worked and/or failed to pay overtime compensation at one-and-one-half times the regular rate for hours worked over forty (40) in a workweek, in violation of 29 U.S.C. §§ 206 and 207.

28. Defendants' violations were willful or, at a minimum, not in good faith. Plaintiff seeks unpaid wages, liquidated damages, attorneys' fees, costs, and all other relief available under 29 U.S.C. § 216(b).

## COUNT II — TENNESSEE WAGE-PAYMENT VIOLATIONS AND UNLAWFUL DEDUCTIONS (Against All Defendants)

29. Plaintiff incorporates the foregoing paragraphs.

30. Defendants failed to timely pay all earned compensation and made or directed deductions/chargebacks from wages that were not authorized by law, in violation of Tennessee wage-payment requirements.

31. Plaintiff seeks all available remedies under Tennessee law, including recovery of unpaid wages, statutory damages where applicable, interest, costs, and reasonable attorneys' fees where authorized.

## COUNT III — QUANTUM MERUIT / UNJUST ENRICHMENT (Pled in the Alternative) (Against All Defendants)

32. Plaintiff incorporates the foregoing paragraphs.

33. In the alternative to statutory wage claims, Defendants were unjustly enriched by receiving the benefit of Plaintiff's labor and services without paying the reasonable value thereof. Equity requires restitution.

## COUNT IV — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (HARASSMENT) (Against All Defendants)

34. Plaintiff incorporates the foregoing paragraphs.

35. Defendants engaged in extreme and outrageous conduct, including harassment, intimidation, and threats, with the intent to cause or with reckless disregard for the probability of causing severe emotional distress to Plaintiff.

36. As a direct and proximate result, Plaintiff suffered severe emotional distress and other damages. Plaintiff seeks compensatory and punitive damages available under Tennessee law.

## COUNT V — RETALIATION/WRONGFUL TERMINATION (Against All Defendants)

37. Plaintiff incorporates the foregoing paragraphs.

38. Defendants retaliated against Plaintiff by terminating his contract after he filed an EEOC charge and workers' compensation claim for the truck fire incident, in violation of FLSA § 215(a)(3), Title VII, and Tenn. Code Ann. § 50-3-409.

## COUNT VI — DECLARATORY JUDGMENT REGARDING NON-APPLICABILITY OF ARBITRATION (Against All Defendants)

39. Plaintiff incorporates the foregoing paragraphs.

40. The DSA containing an arbitration clause is between RXO Last Mile, Inc. and a corporate carrier entity; Plaintiff is not a signatory in his individual capacity and did not agree to arbitrate his personal statutory and tort claims.

41. Plaintiff's claims for unpaid wages and overtime (FLSA), Tennessee wage-payment violations, and intentional infliction of emotional distress arise from statutes and common law and exist independent of any DSA; Plaintiff does not seek to enforce the DSA or claim benefits under it.

42. The negotiations and directives at issue—including rate offers, deduction schedules, advances, and payment timing—occurred via operational text communications with RXO

personnel and are not predicated on rights or duties under the DSA. Accordingly, any DSA arbitration clause should be held inapplicable to Plaintiff's individual claims.

43. To the extent Defendants assert equitable estoppel based on the DSA, Plaintiff expressly disclaims reliance on the DSA and seeks relief solely under statutory and tort theories; no direct-benefit estoppel applies. In the alternative, if any claim were deemed arbitrable, the Court should stay (not dismiss) any non-arbitrable claims.

## PRAYER FOR RELIEF

**Plaintiff respectfully requests that the Court enter judgment in his favor and award:**

A. Judgment for Plaintiff on all claims;

B. Unpaid minimum wages and overtime under the FLSA, plus liquidated damages;

C. Unpaid earned wages and statutory relief under Tennessee law;

D. Restitution in quantum meruit / unjust enrichment (in the alternative);

E. Compensatory and punitive damages for intentional infliction of emotional distress (harassment);F. Attorneys' fees and costs where authorized (including under 29 U.S.C. § 216(b));

G. Declaratory judgment that the DSA arbitration clause does not bind Plaintiff personally;

H. Pre- and post-judgment interest; and

I. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Isaiah Richardson

Isaiah Richardson, Pro Se

4986 Pheasant Ridge Cv

Memphis, TN 38141

(901) 486-3621

R.isaiah@ymail.com

## CERTIFICATE OF SERVICE

**I certify that a true copy was served on Defendants' counsel via CM/ECF and U.S. Mail on November 5, 2025.**

/s/ Isaiah Richardson

Jennifer S. Rusie (Tenn. Bar No. 26009)
Regan B. Sherrell (Tenn. Bar No. 039544)
JACKSON LEWIS P.C. 611 Commerce Street City Space, Suite 2803 Nashville, TN 37203 Tel: (615) 565-1661 Fax: (615) 206-2244 Jennifer.rusie@jacksonlewis.com
Regan.Sherrell@jacksonlewis.com