**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ISAIAH RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-cv-02996-TLP-cgc |
| v. | ) | |
| | ) | |
| RXO LAST MILE, INC. and RXO, INC., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER ADOPTING REPORT AND RECOMMENDATION

Defendant RXO Last Mile, Inc.,[1] removed this case from state court. (ECF No. 1.) Pro se Plaintiff Isaiah Richardson alleges that Defendant violated the Fair Labor Standards Act ("FLSA") and Tennessee law, and he challenges the validity of an arbitration agreement between himself and Defendant.[2] (ECF No. 1-3.) Under Administrative Order No. 2013-05, the Court referred the case to Magistrate Judge Charmiane G. Claxton to manage all pretrial matters. (ECF No. 8.) Defendant then moved to compel arbitration. (ECF No. 23.) Plaintiff opposed the Motion. (ECF No. 24.) Judge Claxton later issued a Report and Recommendation ("R&R"), recommending that the Court grant Defendant's Motion to Compel Arbitration. (ECF No. 77.) Plaintiff objected and Defendant responded. (ECF Nos. 78–79.) For the reasons below, the Court **ADOPTS** the R&R and **GRANTS** Defendant's Motion to Compel Arbitration.

[1] The second Defendant in this case, RXO, Inc., has moved to dismiss for lack of personal jurisdiction. (ECF No. 75.) Judge Claxton has yet to rule on that Motion. This Order only concerns Defendant RXO Last Mile, Inc.
[2] Plaintiff later moved for leave to file an amended complaint. (ECF Nos. 11, 18.) Judge Claxton denied Plaintiff leave to amend. (ECF No. 73 at PageID 2230.)

## BACKGROUND

This case arises from a Delivery Services Agreement ("DSA") between Defendant and Morgan Premier Industries, Inc. ("Morgan Premier"), Plaintiff's company. Plaintiff signed the DSA on Morgan Premier's behalf as its owner. (ECF No. 23-3 at PageID 780, 794.) The DSA requires arbitration of claims arising out of or relating to the agreement, including "allegations of misclassification or wage and hour violations." (*Id*. at PageID 790.) It also provides that disputes arising from the DSA or Morgan Premier's relationship with Defendant must be resolved through binding arbitration. (*Id.*)

Plaintiff later filed this action alleging that Defendant misclassified him, failed to pay wages owed under federal and state law, and subjected him to harassment and retaliation. (ECF No. 1-3.) Defendant moved to compel arbitration. (ECF No. 23.) Plaintiff opposed the motion, arguing that he signed the DSA only in his representative capacity, that the arbitration clause is unconscionable, and that his claims are independent of the DSA. (ECF No. 24.)

Judge Claxton recommended granting the Motion to Compel Arbitration. She found that Plaintiff's claims arise from the contractual relationship and that the arbitrator should decide whether the arbitration agreement is enforceable against Plaintiff as a non-signatory. (ECF No. 77 at PageID 2254–55.) Plaintiff objected, largely renewing his earlier arguments, and Defendant responded. (ECF Nos. 78–79.)

## LEGAL STANDARD & OBJECTIONS

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions to dismiss. *See* 28 U.S.C. § 636(b)(1)(A)–(B). The parties may object to those proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). The district court

"may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). And if neither party objects, then the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. But if there is an objection, the district court reviews the "properly" objected-to portions of the R&R de novo. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Objections come with limits. Typically, a party cannot raise new arguments or issues in objections that it did not first present to the magistrate court. *Dabrowski v. Tubular Metal Systems, LLC*, 722 F. Supp. 3d 766, 771 (E.D. Mich. 2024) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). And parties must object "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2).

Objections must be "specific." *Id.* "Overly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Solomon v. Michigan Dep't of Corr.*, 478 F. App'x 318, 320 (6th Cir. 2012). So when a plaintiff submits only vague, general, or conclusory objections, the district court may review the R&R for clear error, rather than de novo. *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002); *see also Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016) ("In general, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections.'" (citation modified)).

These limits on objections support judicial economy. *See Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The Sixth Circuit's decision to require the filing of objections is supported by sound considerations of judicial economy."). Asserting specific objections enables district courts to "focus attention on those issues—factual and legal—that are at the heart of the parties'

dispute." *Id.*; *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that a "general objection to the entirety of a magistrate's report has the same effects as would a failure to object" because it does not focus the district court's "attention . . . on any specific issues for review, thereby making the initial reference to the magistrate useless"); *see also Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[T]his Court has held that an objection preserves an issue when it explains and cites specific portions of the report which counsel deems problematic." (citation modified)). With that in mind, the Court turns to Plaintiff's objections.

## I. Plaintiff's Objections

Plaintiff timely objected to Judge Claxton's R&R. (ECF No. 77.) He raises six objections. (*Id.* PageID 2256–59.) Plaintiff argues that Judge Claxton erred by: (1) concluding that the arbitrator should decide whether the DSA binds him personally; (2) applying the DSA's delegation clause; (3) failing to find the arbitration provision unconscionable; (4) finding that his statutory claims fall within the DSA's scope; (5) relying on what Plaintiff describes as a procedurally defective pleading; and (6) failing to address Defendant's alleged unclean hands. (*Id.*)

Plaintiff's first four objections largely repeat arguments he raised in opposition to Defendant's Motion to Compel Arbitration. (ECF No. 78.) In his Response to that Motion, Plaintiff argued that he was not personally a party to the DSA, that the arbitration provision was unconscionable, that his claims arose independently of the DSA, and that his First Amended Complaint was timely filed. (ECF No. 24 at PageID 799–801.) But Plaintiff words his fifth objection somewhat differently now. He argues that the R&R improperly relied on a pleading that it described as procedurally defective. (ECF No. 2259 at PageID 77–78.)

Judge Claxton addressed Plaintiff's first, second, and fourth objections in her R&R. And because Plaintiff's first, second, and fourth objections restate or repackage arguments already presented to Judge Claxton, they do not warrant de novo review. See *Johnson v. Credit Acceptance Corp.*, No. 2:24-cv-2990-MSN-tmp, 2025 WL 1092366, at *2 (W.D. Tenn. Apr. 7, 2025) ("When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error."). The Court therefore reviews the portions of the R&R implicated by these objections for clear error. Judge Claxton, however, did not directly address Plaintiff's third objection, that the arbitration agreement is unconscionable. And for his fifth objection, Plaintiff argues that Judge Claxton improperly relied on his First Amended Complaint in drafting the R&R even though it was procedurally defective. (ECF No. 78.) The Court will thus consider Plaintiff's unconscionability argument and his argument about Judge Claxton's reliance on the First Amended Complaint de novo.

Plaintiff's sixth objection is new. He argues that Defendant has unclean hands because it filed documents after the Court stayed the proceedings. (ECF No. 78 at PageID 2259.) But Plaintiff did not raise that issue before Judge Claxton. The Sixth Circuit has explained that issues first raised in objections to a magistrate judge's report are generally waived. *See Murr*, 200 F.3d at 902 n.1 (concluding that the failure to present a claim to the magistrate judge constituted waiver). His sixth objection thus fails.

With this in mind, the Court next addresses the R&R and the objections.

## **DISPOSITION**

The Court finds that Plaintiff's objections that warrant de novo review are baseless. The Court looks at the rest of the R&R for clear error. A finding is clearly erroneous only when, after reviewing the record, "the [C]ourt is left with a definite and firm conviction that a mistake

has been committed." *United States v. Reed*, 72 F.4th 174, 190 (6th Cir. 2023) (quoting *United States v. Sands*, 4 F.4th 417, 420 (6th Cir. 2021)). Having reviewed the R&R, the parties' filings, and the record, the Court finds no such error.

**I. Objection 1: Whether the DSA Binds Plaintiff**

Plaintiff first argues that no arbitration agreement exists between him personally and Plaintiff because he signed the DSA only as Morgan Premier's owner. (ECF No. 78 at PageID 2257.) The DSA identifies Morgan Premier and Defendant as the parties and that Plaintiff signed on Morgan Premier's behalf. (ECF No. 23-3 at PageID 780, 794.) But just because he did not sign it individually does not necessarily mean that the arbitration provision does not apply to him. A non-signatory may be bound by an arbitration agreement under applicable state-law contract principles. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009); *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 629 (6th Cir. 2003). And the Tennessee Uniform Arbitration Act ("TUAA") provides that an arbitrator decides "whether a contract containing a valid agreement to arbitrate is enforceable." Tenn. Code Ann. § 29-5-307(c). The DSA itself also expressly delegates questions of enforceability to the arbitrator. Indeed, Section 21.5 gives the arbitrator "exclusive authority" to decide disputes over the arbitration provision's "formation, enforceability, applicability, or interpretation." (ECF No. 23-3 at PageID 791.) The Court therefore finds no clear error in Judge Claxton's conclusion that questions of enforceability should be resolved by the arbitrator.

**II. Objection 2: Whether the Arbitrator Should Decide Enforceability**

Plaintiff next argues that the Court, rather than the arbitrator, must decide whether the DSA may bind him. Plaintiff contends that Judge Claxton erred in recommending that the arbitrator should decide the enforceability of the arbitration clause because "Plaintiff never

agreed to arbitrate in his personal capacity and the delegation clause has no force." (ECF No. 78 at PageID 2257.) But as stated above, questions about enforceability are questions for the arbitrator, not the Court. Courts generally decide whether parties agreed to arbitrate. But once a valid arbitration agreement exists, the parties may clearly delegate questions about its enforceability or application to the arbitrator. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68–69 (2019); *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–70 (2010). And Judge Claxton distinguished between the existence of the DSA and whether its arbitration provision may be enforced against Plaintiff. In fact, she noted that Plaintiff does not dispute the validity of the DSA here but disputes whether it applies to him and his claims. (ECF No. 77 at PageID 2254.) She therefore did not use the delegation clause to create an agreement where none existed but treated Plaintiff's challenge as one concerning the enforceability and application of an existing agreement. The Court finds no clear error with this reasoning.

**III. Objection 3: Unconscionability**

Plaintiff next argues that the arbitration provision is unconscionable. Whether an arbitration agreement is unconscionable is a question for the courts. *Trigg v. Little Six Corp.*, 457 S.W.3d 906, 911–12 (Tenn. Ct. App. 2014) ("Despite the favored status of arbitration agreements, Tennessee courts have refused to enforce such agreements when they have been found to be unconscionable.") Plaintiff contends that the arbitration agreement is procedurally unconscionable because Defendant presented the contract to him "on a take it or leave it basis with no opportunity for negotiation." (ECF No. 78 at PageID 2258.) Plaintiff also claims that the agreement is substantively unconscionable because arbitration is too expensive.[3] (*Id.*) But a

[3] Plaintiff also argues that the arbitration agreement is substantively unconscionable because it waives his right to a jury trial. (ECF No. 78 at PageID 2258.) But this is not a reason to find an agreement unconscionable. *Philpot v. Tennessee Health Management, Inc.*, 279 S.W.3d 573,

contract under Tennessee law may be enforceable even if it was offered on a take-it-or-leave-it basis. *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 500–03 (6th Cir. 2004). A party challenging the agreement must also show a lack of meaningful choice or terms that are unreasonably harsh or oppressive. *Id.* Arbitration agreements may be invalidated on those grounds just like other contracts. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

Plaintiff has not shown that the arbitration clause is unconscionable. The DSA gave Morgan Premier thirty days to opt out of arbitration, and Defendant submitted evidence that neither Morgan Premier nor Plaintiff did so. (ECF No. 23-1 at PageID 766.) That opportunity weighs against Plaintiff's claim that he lacked a meaningful choice. The DSA also requires Defendant to advance disputed arbitration costs until the arbitrator determines who must ultimately pay them. (ECF No. 23-3 at PageID 791.) And a party challenging arbitration based on its expense bears the burden of showing that the likely costs would prevent him from pursuing his claims. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 90–92 (2000). Plaintiff offers no such evidence. Finally, the DSA also preserves the remedies otherwise available in court. (ECF No. 23-3 at PageID 791.) At bottom, Plaintiff has not shown that the arbitration provision deprived him of a meaningful choice, imposed prohibitive costs, or limited his available relief. The Court thus does not find the arbitration agreement to be unconscionable.

**IV. Objection 4: Whether Plaintiff's Claims Fall Within the Arbitration Provision**

Plaintiff next objects on the grounds that his claims are independent of the DSA. (ECF No. 78 at 2258.) When deciding whether to compel arbitration, a court asks whether a valid arbitration agreement exists and whether the dispute falls within its scope. *Stout v. J.D. Byrider*,

584 (Tenn. Ct. App. 2007) (upholding the validity of an arbitration agreement even though it waived the right to a jury trial). If it was, no arbitration agreement would be valid.

228 F.3d 709, 714 (6th Cir. 2000). Section 21.1 covers claims "arising out of or relating to" the DSA or Morgan Premier's relationship with Defendant and specifically includes "allegations of misclassification or wage and hour violations." (ECF No. 23-3 at PageID 790.) Plaintiff alleges that Defendant controlled his work, misclassified him, failed to pay him properly, and retaliated against him during the delivery-services relationship governed by the DSA. Those allegations directly relate to the working and payment relationship covered by the arbitration provision.

Plaintiff argues that his claims fall outside the DSA because they arise under federal and state law. (ECF No. 78 at PageID 78.) But statutory claims may be arbitrated when the agreement covers them. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). The Supreme Court has enforced agreements requiring individual arbitration of FLSA and related state-law claims. *Epic Systems Corp. v. Lewis*, 584 U.S. 497, 505–09 (2018). Because the DSA expressly covers misclassification and wage-and-hour claims, the Court finds no clear error in Judge Claxton's conclusion that Plaintiff's claims "necessarily arise out of the DSA." (ECF No. 77 at PageID 2255.)

**V. Objection 5: Reliance on the First Amended Complaint**

Plaintiff next argues that the R&R improperly relied on the First Amended Complaint after noting that he may have filed it without leave and outside the time allowed by Rule 15. (ECF No. 78 at PageID 2259.) But the dispute over which complaint is operative does not affect the motion to compel arbitration. Defendant argued that the First Amended Complaint should be stricken, but it also explained that arbitration should be compelled under either pleading. (ECF No. 23-1 at PageID 763.) Defendant repeated that position in response to Plaintiff's objections. (ECF No. 79 at PageID 2265–66.)

The record supports that conclusion. The original Complaint alleges that Defendant controlled Plaintiff's work, misclassified him, failed to pay him properly, and subjected him to harassment and retaliation. (ECF No. 1-3.) Although the First Amended Complaint adds detail, the factual background is the same as the Original Complaint. The claims in both pleadings arise from the same delivery-services relationship and relate to the same classification, compensation, and treatment issues. The arbitration analysis would thus be the same under either pleading. Plaintiff also identifies no claim whose arbitrability depends on which complaint controls. The Court thus rejects Plaintiff's fifth objection.

## VI. Objection 6: Unclean Hands

Finally, as stated above, Plaintiff waived an unclean-hands objection because he did not assert it before Judge Claxton. But even if Plaintiff had properly raised the issue, Plaintiff's unclean-hands objection would not provide a basis for rejecting the R&R. The doctrine may bar equitable relief when the party seeking it engaged in "fraud, deceit, unconscionability, or bad faith" related to the matter at issue. *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1383 (6th Cir. 1995) (citation omitted). But the alleged misconduct must relate directly to the transaction underlying the requested relief. *Id.* The doctrine does not apply just because a party engaged in unrelated misconduct. *Id.*

Plaintiff argues that Defendant violated the Court's stay by filing Documents 75 and 76 and that this conduct should prevent it from enforcing the arbitration provision. (ECF No. 78 at PageID 2259.) But Defendant filed those documents during this lawsuit, after Plaintiff's allegations over the DSA. The documents do not relate to the formation, enforceability, or scope of the arbitration provision. Defendant also explains that it filed the responsive pleading to avoid a possible default and preserve its defenses. (ECF No. 79 at PageID 2265–66.)

The alleged conduct therefore lacks the direct connection required by the unclean-hands doctrine. Plaintiff's complaint about Defendant's filings does not undermine Judge Claxton's arbitration analysis. Plaintiff's sixth objection thus lacks merit.

## CONCLUSION

Having reviewed Plaintiff's objection and the R&R, the Court **ADOPTS** the R&R and **GRANTS** Defendant's Motion to Compel Arbitration.

**SO ORDERED**, this 28th day of October, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE